Frank S. Hedin (*Pro Hac Vice App. Forthcoming*)
**HEDIN LLP**
1395 Brickell Avenue, Suite 610
Miami, Florida 33131
Telephone:     (305) 357-2107
Facsimile:       (305) 200-8801
E-Mail:            fhedin@hedinllp.com

DAVID W. SCOFIELD – 4140
**PETERS | SCOFIELD**
*A Professional Corporation*
7430 Creek Road, Suite 303
Sandy, Utah 84093-6160
Telephone:     (801) 322-2002
Facsimile:       (801) 912-0320
E-Mail:            dws@psplawyers.com

*Attorneys for Plaintiffs and Putative Class*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH**

| | |
|---|---|
| KLAY ANDERSON; and JOSE URRUTIA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE ECONOMIST NEWSPAPER NA INC.<br><br>Defendant. | **PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br><br>Case No. 2:23-cv-00878-HCN-DAO<br><br>District Judge Howard C. Nielson, Jr.<br>Magistrate Judge Daphne A. Oberg |

Pursuant to DUCivR 7-1(c), Plaintiffs Klay Anderson and Jose Urrutia submit this Notice of Supplemental Authority to apprise the Court of a recent decision of relevance to an issue raised by Defendant in its pending motion to dismiss (ECF No. 21).

**Supplemental Authority**: *Curry et al., v. Mrs. Fields Gifts, Inc.*, No. 2:22-CV-00651-

JNP-DBP, 2024 U.S. Dist. LEXIS 144614, at *7-14, 2024 WL 3794487, at *3-5 (D. Utah Aug. 13, 2024) (unpublished), attached hereto as **Exhibit A**.

**Relevance of Supplemental Authority**: In *Curry*, a putative class action in which the plaintiffs alleged violation of same statute at issue in this case (Utah's Notice of Intent to Sell Nonpublic Personal Information Act, Utah Code Ann. § 13-37-101, *et seq.*), based on facts materially identical to the facts alleged by the Plaintiffs in this case (*compare Andersen*, ECF No. 12 *with Curry*, ECF No. 45), the defendant there, like the Defendant here, moved to dismiss the case for lack of Article III standing (*compare Andersen*, ECF No. 21 at 11-14 *with Curry*, ECF No. 49 at 9-12). In denying the defendant's motion to dismiss for lack of Article III standing in *Curry*, the district court considered and rejected all of the same arguments raised by Defendant in its pending motion to dismiss for lack of Article III standing in this case. *Compare Curry*, 2024 WL 3794487, at *3-5 *with Anderson*, ECF No. 21 at 11-14. The decision in *Curry* is thus factually and legally apposite to the Article III standing issue presently before the Court in this case.

Dated: August 21, 2024                    Respectfully submitted,

**PETERS | SCOFIELD**
*A Professional Corporation*

/s/ David W. Scofield
DAVID W. SCOFIELD

              -and-

**HEDIN LLP**
Frank S. Hedin (*Pro Hac Vice App. Forthcoming*)

*Attorneys for Plaintiffs and Putative Class*