| | |
|---|---|
| Milo Steven Marsden (Utah State Bar No. 4879)<br>Maryann Bauhs (Utah State Bar No. 17196)<br>**DORSEY & WHITNEY LLP**<br>111 South Main Street, Suite 2100<br>Salt Lake City, UT  84111<br>Telephone: (801) 933-7360<br>Email:  marsden.steve@dorsey.com<br>            bauhs.maryann@dorsey.com | Sharon L. Schneier (*pro hac vice*)<br>Nimra H. Azmi (*pro hac vice*)<br>**DAVIS WRIGHT TREMAINE LLP**<br>1251 Avenue of the Americas, 21st Floor<br>New York, NY 10020-1104<br>Tel:     (212) 489-8230<br>Email: sharonschneier@dwt.com<br>            nimraazmi@dwt.com<br><br>Sean Sullivan (*pro hac vice*)<br>865 South Figueroa Street, Suite 2400<br>Los Angeles, CA 90017-2566<br>Tel.: 213.633.8644<br>Email: seansullivan@dwt.com |

*Attorneys for Defendant The Economist Newspaper NA, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| JOSE URRUTIA, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br>v.<br><br>THE ECONOMIST NEWSPAPER NA, INC.<br><br>        Defendant. | **NOTICE OF SUPPLEMENTAL AUTHORITIES**<br><br>Case No. 2:23-cv-00878<br><br>The Honorable Howard C. Nielson, Jr. |

Pursuant to DUCivR 7-1(c)(2), The Economist Newspaper NA, Inc. ("TEN" or "Defendant") submits this Notice of Supplemental Authorities to alert the Court to the Opinions and Orders issued on March 13, 2025 by Judge Tena Campbell in *Atwood, et al. v. Dotdash Meredith Inc.*, No. 24-cv-00046 (D. Utah Mar. 13, 2025) and on March 27, 2025 by Judge Ann Marie McIff Allen in *Teresa v. Mayo Foundation for Medical Education and Research*, No. 24-cv-00033 (D. Utah Mar. 27, 2025). These decisions are attached hereto as Exhibit A and Exhibit B respectively.

In *Atwood*, Judge Campbell dismissed a putative class action brought under Utah's Notice of Intent to Sell Nonpublic Personal Information Act, Utah Code Ann. § 13-37-101, *et seq.* ("NISNPIA"). The Court held that the complaint's allegations failed to allege that defendant Dotdash Meredith Inc. ("Dotdash") was a commercial entity under the NISNPIA. Judge Campbell noted that to be bound by the NISNPIA "commercial entities must have their own physical office located in the state" and merely having a registered agent or employee in Utah was insufficient. *Atwood*, No. 24-cv-0004 at 7-8 (citing *Camoras v. Publishers Clearing House, LLC*, No. 4:23-cv-118-DN-PK, 2024 WL 2262786, at * 2 (May 17, 2024 D. Utah)). Indeed, Judge Campbell observed that "[h]ad the legislature intended to apply the NISNPIA to all corporations which have registered agents in Utah, or companies with employees working outside their employer's office in Utah, then it would have specified that broadened coverage." *Id.* at 9. Judge Campbell rejected plaintiff's expansive statutory reading, noting that it would result in "every business conducting any business transactions in the state would be a de facto Utah 'commercial entity' under § 13-37-102(2)(a)(ii) because that company would have either its own physical location or a registered agent with an office in Utah." *Id.* at 10.

Judge Campbell also relied on the NISNPIA's legislative history, "which shows that the legislature intended that companies with their principal place of business and place of incorporation outside of Utah, like Dotdash Media, would not be governed by the NISNPIA." *Id.* at 11. Reinforcing an argument in Defendant TEN's papers Judge Campbell noted that the NISNPIA sponsor's use of the term "domicile" while discussing the statute's application clarified "that the Act would apply only to "companies domiciled in Utah" and "that the Act governed Utah corporate 'citizens.'" *Id.* at 12.

Similarly, in *Teresa,* Judge Allen dismissed a putative class action for lack of subject matter jurisdiction, finding that the plaintiff had failed to allege facts that would demonstrate that defendant Mayo Foundation is a "commercial entity" under the NISNPIA.[1] In *Teresa*, plaintiff alleged that the Mayo Foundation was a Minnesota corporation with its headquarters and principal place of business in Rochester, Minnesota, but had a registered agent and employees in Utah. Judge Allen held that the "presence of Defendant's registered agent, and remote employees, does not establish Defendant 'has an office or other place of business located in [Utah],'" *Teresa*, No. 24-cv-00033, at 6, and dismissed the case.

The decisions in *Atwood* and *Teresa* hold that to satisfy the NISNPIA's commercial entity requirement Plaintiff must plausibly allege the existence of a corporation's physical office in Utah and domicile here. Plaintiff's allegations—which acknowledge that TEN is a Delaware corporation with its principal place of business in New York, Compl. ¶ 18—fall short. Indeed, Plaintiff's allegations are on even thinner ground. As explained in TEN's Motion to Dismiss, Plaintiff's effort to shoehorn TEN into the NISNPIA by invoking a purported *Economist*-branded airport kiosk fails. TEN has never owned or operated a kiosk, business or maintained an office in Utah, including at the Salt Lake City airport. Moreover, this purported kiosk has been closed since December 2020. *See* Arnot Decl. ¶¶ 9, 10; *id.* Exs. A & B. The purported existence of a kiosk (operated by an unidentified party) that, at some undisclosed point, might have advertised that it offers *The Economist*, does not—as these recent decisions support—make TEN at home in Utah.

Plaintiff's failure to plead facts to establish that TEN a "commercial entity" under the NISNPIA warrants dismissal.

---

[1] Judge Allen separately found that the *Teresa* complaint failed to plausibly plead that the amount in controversy exceeded $5,000,000 as required under the Class Action Fairness Act, 28 U.S.C.A. § 1332(d)(2).

Dated: April 3, 2024								Respectfully submitted,

/s/ Milo Steven Marsden
Milo Steven Marsden
Maryann Bauhs
**DORSEY & WHITNEY LLP**
111 South Main Street, Suite 2100
Salt Lake City, UT  84111
Tel: (801) 933-7360
Email:  marsden.steve@dorsey.com
            bauhs.maryann@dorsey.com

Sharon L. Schneier (*pro hac vice*)
Nimra H. Azmi (*pro hac vice*)
**DAVIS WRIGHT TREMAINE LLP**
1251 Avenue of the Americas, 21st Floor
New York, NY 10020-1104
Tel:    (212) 489-8230
Email: sharonschneier@dwt.com
            nimraazmi@dwt.com

Sean Sullivan (*pro hac vice*)
865 South Figueroa Street, Suite 2400
Los Angeles, CA 90017-2566
Tel.: (213) 633-8644
Email: seansullivan@dwt.com

*Attorneys for Defendant The Economist Newspaper NA, Inc.*