# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, SOUTHERN REGION

| | |
|---|---|
| SHERRY TERESA,<br><br>    Plaintiff,<br><br>v.<br><br>MAYO FOUNDATION FOR MEDICAL EDUCATION AND RESEARCH,<br><br>    Defendants. | **MEMORANDUM DECISION GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Case No. 4:24-cv-00033<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Paul Kohler |

## BACKGROUND

In this matter, Plaintiff Sherry Teresa asserts a cause of action under the Utah Notice of Intent to Sell Nonpublic Personal Information Act ("NISNPIA"), on her own behalf and on behalf of a purported class, against Defendant Mayo Foundation for Medical Education and Research.[1] Defendant filed a Motion to Dismiss.[2] As set forth below, the Court finds Plaintiff fails to allege facts sufficient to support this Court's subject-matter jurisdiction. Thus, the Court will dismiss Plaintiff's Complaint, without prejudice.

## ANALYSIS

As set forth in detail below, Plaintiff fails to allege sufficient factual material to meet the amount-in-controversy threshold set forth in the Class Action Fairness Act ("CAFA"), which is Plaintiff's lone basis for asserting federal jurisdiction. Additionally, even assuming the facts alleged were sufficient to meet CAFA's threshold amount in controversy, Plaintiff has failed to allege the existence of a "commercial entity" as required by NISNPIA.

---

[1] *See* First. Amd. Class Action Compl. ("Complaint") at 22–27, ECF No. 28.
[2] ECF No. 29.

I. **Plaintiff has not plausibly alleged facts to show an amount in controversy in excess of $5,000,000**

CAFA provides, in pertinent part, "district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C.A. § 1332(d)(2). "When a plaintiff invokes federal-court jurisdiction, the plaintiff's amount-in-controversy allegation is accepted if made in good faith." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). "When federal subject matter jurisdiction is challenged based on the amount in controversy requirement, the plaintiffs must show that it does not appear to a legal certainty that they cannot recover" the jurisdictional amount. *Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1216 (10th Cir. 2003).[3] Plaintiff has failed to plead facts to show damages in excess of $5,000,000 in the first instance and, even assuming the allegations were sufficient, it appears to a legal certainty that Plaintiff cannot recover the jurisdictional amount. These two issues will be discussed in separate subsections below.

    a. **Plaintiff fails to allege facts to show an amount in controversy in excess of $5,000,000**

As an initial matter, the Complaint contains very little factual information that could support Plaintiff's conclusion that the amount in controversy exceeds $5,000,000. Plaintiff makes a jurisdictional allegation that "there are more than 100 class members and the aggregate

---

[3] While *Woodmen* dealt with jurisdiction under 28 U.S.C. § 1332(a) rather than CAFA, the Tenth Circuit has shown a willingness to "look to § 1332(a) cases for guidance" when interpreting CAFA. *Whisenant v. Sheridan Prod. Co., LLC*, 627 F. App'x 706, 708 (10th Cir. 2015); *see Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1246–47 (10th Cir. 2012) ("there is 'no logical reason why we should demand more from a CAFA defendant' than other parties invoking federal jurisdiction").

2

amount in controversy exceeds $5,000,000, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from Defendant."[4] Of course, this language constitutes a mere legal conclusion couched as a factual allegation, which the Court is not bound to accept as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff's lone remaining factual allegation regarding the amount in controversy fails to plausibly allege damages that could meet the CAFA threshold. Plaintiff cites to no authority to suggest CAFA relieves her of the obligations under Rule 8 and *Twombly/Iqbal* to plead sufficient facts to show her claims, including the damage amounts, are plausible. *See, e.g.*, *id.* Although *Dart* involved a notice of removal rather than a complaint, the Supreme Court applied the plausibility standard to that notice in considering whether it adequately set forth facts sufficient to satisfy CAFA's amount-in-controversy threshold. *See* 574 U.S. at 84 (considering whether the notice of removal "allege[d] the requisite amount plausibly"). Thus, CAFA does not appear to alter the pleading standard with regard to plausibly alleging the amount in controversy.

Turning to the allegations here, Plaintiff alleges that NISNPIA allows a plaintiff to recover a fixed $500 for each violation.[5] Accordingly, to meet the threshold of an "amount in controversy that exceeds $5,000,000," Plaintiff must allege facts to indicate Defendant violated NISNPIA over 10,000 times with respect to herself and the proposed class. Plaintiff alleges, upon information and belief, there are "thousands" of "persons in Utah who had their Private Purchase Information obtained by Mayo on or after January 1, 2004[,] as a result of a consumer transaction and who, at any point during the applicable statutory period, had such Private

---

[4] Compl. at 7.
[5] Compl. at 11.

3

Purchase Information disclosed by Mayo to one or more third party."[6] In addition to referring to a 20-year period, which raises statute-of-limitations questions, it is insufficient to allege "thousands" of violations. To meet the CAFA threshold, Plaintiff needs to allege sufficient factual material, consistent with Rule 11, to show over 10,000 violations. Plaintiff's argument in opposition highlights the limitations of the Complaint. Plaintiff refers to factual material outside the Complaint, coupled with new theories also not set forth in the Complaint, to reach CAFA's threshold amount in controversy.[7] Thus, the Complaint is insufficient, as Plaintiff's argument highlights. While the pleading burden is relatively modest, Plaintiff must allege sufficient facts to plausibly show damages in excess of $5,000,000.[8] She has not done so.

### b. Plaintiff fails to allege the existence of a "commercial entity" as required by NISNPIA

Next, even assuming Plaintiff had alleged sufficient factual material in the Complaint to meet the CAFA's threshold amount in controversy, it appears, to a legal certainty,[9] that the class cannot recover in excess of $5,000,000 because the Complaint does not allege the existence of a

---

[6] Compl. at 20.
[7] *See* ECF No. 37 at 10 (assuming an average of 1.4 purchases (without describing a factual basis for this average) by a group of 7,633 people (not described anywhere in the Complaint)).
[8] The Supreme Court's decision in *Dart* is instructive. In *Dart*, the notice of removal asserted "purported underpayments to putative class members totaled more than $8.2 million." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 85 (2014). The trial court in *Dart* discussed the rough calculations contained in the notice of removal to calculate this alleged underpayment amount. *Owens v. Dart Cherokee Basin Operating Co. LLC*, No. 12-4157-JAR-JPO, 2013 WL 2237740, at *2 (D. Kan. May 21, 2013), *vacated,* No. 12-4157-JAR-JPO, 2015 WL 5451441 (D. Kan. Mar. 4, 2015). Although ultimately resolved on other grounds, *Dart* and *Owens* involved extensive litigation about whether the, comparatively detailed, allegations in that case sufficiently alleged CAFA's threshold amount in controversy.
[9] As stated above, the burden is on Plaintiff to 'show that it does not appear to a legal certainty that they cannot recover' the jurisdiction amount." *Woodmen*, 342 F.3d at 1216. While the Court applies this burden to Plaintiff, the body of the opinion will avoid the use of the double negative contained in this standard, for clarity's sake.

4

"commercial entity" as required by NISNPIA.  "Generally, dismissal under the legal certainty standard will be warranted only . . . [in limited circumstances, such as] when the law limits the amount recoverable."[10]  *Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1217 (10th Cir. 2003) (citing Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 3d § 3702).  The law limits the amount recoverable here because NISNPIA applies only to a "commercial entity," which is defined as one "that: (i) has an office or other place of business located in [Utah]; and (ii) in the ordinary course of business transacts a consumer transaction in" Utah.  Utah Code §§ 13-37-102(2)(a), 13-37-203(1).  Here, Plaintiff has not alleged facts that could establish Defendant has an office or other place of business in Utah.  Plaintiff alleges Defendant "is a Minnesota corporation that maintains its headquarters and principal place of business in Rochester, Minnesota."[11]  Plaintiff also alleges Defendant:

> "has one or more office(s) or other place(s) of business in Utah, including but not limited to at 15 West South Temple, Suite 600, Salt Lake City, Utah (a location overseen by [Defendant]'s registered agent on [Defendant]'s behalf).  Additionally, [Defendant] has employees who work for [Defendant] from Utah (and thus conduct business on [Defendant]'s behalf at places in Utah).[12]

The introductory clause, alleging Defendant "has one or more office(s) or other place(s) of business in Utah," constitutes a mere legal conclusion couched as a factual allegation, which the Court is not bound to accept as true.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The factual material alleged indicates Defendant has a registered agent in Utah and employees who work "from Utah."  The Court follows the reasoning of Judge Kohler and Judge Campbell, both of

---

[10] *Woodman* also suggested dismissal might be warranted in circumstances that do not appear applicable here, namely "when a contract limits the possible recovery . . . [or] when there is an obvious abuse of federal court jurisdiction."  342 F.3d at 1217.
[11] Compl. at 6.
[12] *Id.* at 6–7.

5

whom determined that "a company lacking its own offices in the state—having only a registered agent and/or employees who work or have worked in Utah—cannot qualify as a Utah "commercial entity" within the meaning of the NISNPIA." *Atwood, v. Dotdash Meredith, Inc.*, No. 1:24-CV-00046-TC-DAO, 2025 WL 815118, at *4 (D. Utah Mar. 13, 2025) (citing *Camoras v. Publishers Clearing House, LLC*, No. 4:23-CV-00118-DN-PK, 2024 WL 2262786, at *2 (D. Utah May 17, 2024)). These are the only facts Plaintiff alleges here: that Defendant's registered agent and unspecified employees are in Utah. In this way, Plaintiff's factual allegations here are identical to the factual allegations Judge Campbell reviewed in *Atwood*, aside from the name of the defendant there.[13] For all the reasons ably stated by Judge Campbell, this Court finds Plaintiff has failed to allege the existence of a "commercial entity" under NISNPIA. In short, the presence of Defendant's registered agent, and remote employees, does not establish Defendant "has an office or other place of business located in [Utah]." Utah Code §§ 13-37-102(2)(a)(1). Accordingly, the Court dismisses the Complaint for lack of subject-matter jurisdiction.[14]

---

[13] Ms. Atwood alleged Dotdash Media: "has one or more office(s) or other place(s) of business in Utah, including but not limited to at 1108 E. South Union Ave., Midvale, Utah 84047 (a location overseen by [Dotdash Media's] registered agent on [Dotdash Media's] behalf). Additionally, [Dotdash Media] has employees who work for [Dotdash] from Utah (and thus conduct business on [Dotdash Media's] behalf at places in Utah)." *Atwood*, 2025 WL 815118 at *2.

[14] The Court deals with this as an issue of jurisdiction because, absent subject-matter jurisdiction, the Court cannot reach the merits of the case. *See, e.g.*, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."). Additionally, because the Court finds jurisdiction lacking on the basis of the amount in controversy under CAFA, the Court does not reach Defendant's other arguments regarding subject-matter jurisdiction.

## ORDER

Based on the foregoing, the Court GRANTS Defendants' Motion to Dismiss. (ECF No. 29). Plaintiff's Complaint is DISMISSED without prejudice. Plaintiff may file an amended complaint not later than April 18, 2025, setting forth facts sufficient to state a claim within this Court's jurisdiction. Failure to file an amended complaint by that deadline will result in dismissal of this action without further notice.

DATED this 27th day of March 2025.

BY THE COURT:

Ann Marie McIff Allen
United States District Judge

7